NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| 366 EAST 7th STREET LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RABBINICAL COURT OF KOLEL TARTIKOV,<br><br>    Defendant. | Civ. No. 17-0014<br><br>**OPINION** |

THOMPSON, U.S.D.J.

  This matter comes before the Court upon the motion of Plaintiff 366 East 7th Street LLC ("Plaintiff") for default judgment (ECF No. 6) and Plaintiff's response to the Court's Order to Show Cause why this matter should not be dismissed for lack of subject matter jurisdiction (ECF Nos. 8, 9). The motion is unopposed. The Court has decided the motion based on the written submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated herein, the Court will grant Plaintiff's motion.

## BACKGROUND

  The basic allegations of the present case are as follows: Plaintiff owns property in Lakewood, New Jersey. (Compl. ¶ 7, ECF No. 1). The principal building on the property burned down in June 2016 and Plaintiff filed insurance claims for that property. (*Id.* ¶¶ 8–9). Another man, Mordechai Thaler ("Thaler"), also claimed the insurance proceeds and seeks to have the dispute arbitrated before Defendant Rabbinical Court of Kolel Tartikov ("Defendant"). (*Id.* ¶¶ 10–11). Thaler does not have title to the property, is not a member of Plaintiff, and is not a named insured on the property insurance. (*Id.* ¶ 10).

1

On December 20, 2016, Defendant issued a *seruv* warning demanding that "Mr. Yitchok Moshe Friedman and his wife Mrs. Sarah [and] Mr. Shimon Yehudah Friedman" "sign arbitration papers right away and stand before a *din torah*… in order that the matter should not come to the issuance of a *seruv* G-d forbid."[1] (*Id.* ¶ 14, ECF No. 1). A *seruv* is described as an extremely punitive order of contempt that bars the subject of the order from crucial aspects of the Orthodox Jewish community. (*Id.* ¶ 15).

There is no agreement or operative document regarding the property in which Plaintiff consented to the jurisdiction of Defendant or to arbitration regarding the property. (*Id.* ¶ 13).

Therefore, Plaintiff seeks injunctive relief from the threatened *seruv* and from being compelled to submit to arbitration before Defendant. Plaintiff has served Defendant and Defendant has failed to respond. Default has been entered and Plaintiff now moves for Default Judgment. That motion is presently before the Court.

## DISCUSSION

### A. Jurisdiction

As an initial matter, the Court must determine if subject matter jurisdiction exists. If a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Deluxe Bldg. Sys., Inc. v. Constructamax, Inc.*, 94 F. Supp. 3d 601, 607 (D.N.J. 2013) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*...") (internal citations omitted). In this case, Plaintiff alleges that this Court has original jurisdiction based on 28 U.S.C. § 1332, diversity of citizenship between the parties. Diversity jurisdiction applies to

---

[1] Plaintiff does not clarify how "Mr. Yitchok Moshe Friedman and his wife Mrs. Sarah [and] Mr. Shimon Yehudah Friedman" are related to Plaintiff in this case. However, for the purposes of this motion, the Court will assume that the cited *seruv* warning did in fact impact Plaintiff.

"civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—(1) citizens of different States..." U.S.C. § 1332(a). Where the relief sought is injunctive, the value is measured by the value of the relief to the plaintiff, rather than the cost to the defendant. *See, e.g.*, *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1050 (3d Cir. 1993).

In the present case, Plaintiff is organized under New Jersey law and has its principal place of business in Lakewood, New Jersey; Defendant is organized under the law of New York and maintains its principal place of business in Brooklyn, New York. (Compl. ¶¶ 2–3, ECF No. 1). Thus, diversity of citizenship is satisfied. In its Complaint, Plaintiff seeks only injunctive relief from threatened punitive action of Defendant Rabbinical Court of Kolel Tartikov. (Compl. ¶¶ 19–23, ECF No. 1). Therefore, in order to satisfy the amount-in-controversy requirement, Plaintiff must allege that the value to the Plaintiff of the injunctive relief sought is in excess of $75,000.

In its Complaint, Plaintiff seeks an injunction against Defendant "to cease and desist from and against any actions in the matter described in its December 20, 2016 *seruv* warning, [and] ordering the Rabbinical Court to dismiss and discontinue any actions in the matter described in its December 20, 2016 *seruv* warning…" (Compl. at 6, ECF No. 1). The *seruv* warning demanded that "Mr. Yitchok Moshe Friedman and his wife Mrs. Sarah [and] Mr. Shimon Yehudah Friedman" "sign arbitration papers right away and stand before a *din torah*… in order that the matter should not come to the issuance of a *seruv* G-d forbid." (*Id.* ¶ 14). Thus, Plaintiff seeks relief from the harm it would face if a *seruv* is issued and from Defendant using a *seruv* and the *seruv* warning to force Plaintiff to sign arbitration papers and to stand before a *din torah*. While Plaintiff does not seek adjudication of the property insurance itself, Plaintiff does seek

relief from being forced to arbitrate the distribution of the property insurance. Thus, the value of the injunctive relief to Plaintiff would include both the value of the property insurance and the value of avoiding the harm of the *seruv*. The property insurance is valued either at $450,000 or $1.5 million,[2] either of which satisfies the amount-in-controversy requirement. Therefore, the Court possesses subject matter jurisdiction over this matter.

### B. Motion for Default Judgment

The Court then turns to the motion for default judgment. A district court may enter default judgment under Federal Rule of Civil Procedure 55(b)(2), after an entry of default by the Clerk of Court. *See Sourcecorp Inc. v. Croney*, 412 Fed. App'x 455, 458 (3d Cir. 2011) (citing Fed. R. Civ. P. 55). The decision to enter such judgment is primarily within the district court's discretion, *Bank v. Lake Estates Condominium Assoc., Inc.*, 2012 WL 1435637, at * 3 (D.N.J. Apr. 25, 2012) (quoting *Century Real Estate LLC v. Kenneth M. Yanni, Inc.*, 2009 WL 904122, at *1 (D.N.J. Mar. 31, 2009)), with the significant caveat that default judgments are discouraged in favor of adjudications on the merits, *Hill v. Williamsport Police Dept.*, 69 Fed. App'x 49, 51 (3d Cir. 2003); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

The Court must accept the well-pleaded factual allegations of the Complaint, but need not accept the moving party's legal conclusions or allegations relating to the amount of damages. *See Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535 (D.N.J. 2008). Before entering

---

[2] Plaintiff states that the first-tier property insurance was valued at $900,000 and has already been adjudicated in another action. The second-tier property insurance has a policy limit of $450,000. Plaintiff states at different points that, therefore, the total property insurance was about $1.5 million, and the property itself was worth $1.5 million. (Pl.'s Mem. Resp. Order to Show Cause at 2, 4, ECF No. 9).

default judgment, the Court must assess whether the "unchallenged facts constitute a legitimate cause of action" that would justify a default judgment. *Directv, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar.14, 2006). In addition, the Court must consider three factors to determine the appropriateness of default: (1) the "prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). The Court will briefly consider each of the factors below.

In the present case, Plaintiff alleges that Defendant has pressured Plaintiff to submit to arbitration before it by threatening to issue an order of contempt that is extremely punitive within the Orthodox Jewish community (a *seruv*). If default is denied, Plaintiff would face either the harm of the *seruv* or arbitration before Defendant. Plaintiff has never agreed to arbitration or the jurisdiction of Defendant. Therefore, the Court is persuaded that Plaintiff would face significant prejudice if default is denied.

There are no facts or readily apparent arguments that Defendant has a litigable defense or that Defendant's delay is due to culpable conduct. Thus, these factors do not alter the finding that Defendant has been properly served and has failed to timely respond, and that Plaintiff would be prejudiced by denial of default judgment.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for default judgment will be granted. A corresponding order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: 3/24/17